IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARYANN ROSE BROYLES, individually and as co-trustee of the MARYANN ROSE BROYLES REVOCABLE TRUST,<br><br>      Plaintiff,<br><br>  vs.<br><br>BANK OF AMERICA, N.A.; WELLS FARGO BANK, N.A.; SPECIALIZED LOAN SERVICES, LLC; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; DOE GOVERNMENTAL UNITS,<br><br>      Defendants. | CIVIL 13-00540 LEK-KSC |

**ORDER GRANTING DEFENDANTS'**
**MOTION TO DISMISS COMPLAINT**

Before the Court is Defendants Specialized Loan Servicing LLC ("SLS") and Wells Fargo Bank, N.A.'s ("Wells Fargo," collectively "Defendants")[1] Motion to Dismiss Complaint ("Motion"), filed on January 31, 2014. [Dkt. no. 18.] Plaintiff Maryann Rose Broyles, "individually and as co-trustee of the Maryann Broyles Revocable Trust" ("Plaintiff"), filed her memorandum in opposition on March 17, 2014, and Defendants filed their reply on March 24, 2014. [Dkt. nos. 22, 23.] This matter

---

[1] Wells Fargo is named in its capacity as Trustee for Banc of America Alternative Loan Trust 2006-7 Mortgage Pass-Through Certificates, Series 2006-7.

came on for hearing on April 7, 2014.  At the hearing, the Court granted Plaintiff leave to file a supplemental memorandum, addressing a jurisdictional argument raised in Defendants' reply and two orders raised by Defendants that were filed after the Motion.  Plaintiff filed that supplemental memorandum on April 14, 2014.  [Dkt. no. 27.]  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Defendants' Motion is HEREBY GRANTED and Plaintiff's Complaint is HEREBY DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

**BACKGROUND**

Plaintiff filed her Complaint on October 16, 2013, alleging a single count of quiet title against Bank of America, N.A. ("BOA"),[2] Wells Fargo, SLS, and various Doe individuals and entities.  Although styled as a quiet claim action, the instant lawsuit is, at its essence, a "fear of paying the wrong entity" claim.  Plaintiff alleges, "[t]his is an action *in rem* for a declaratory judgment as to the ownership of a negotiable instrument. . . .  At present, Ms. Broyles does not know to whom her mortgage payments are due and does not know whether the roughly $350,000.00 she has already paid under her mortgage Note

---

[2] BOA filed a motion to dismiss the Complaint on January 27, 2014, [dkt. no. 16,] and on March 17, 2014, Plaintiff filed a notice of voluntary dismissal without prejudice of BOA [dkt. no. 21].

2

was paid to the correct party." [Complaint at ¶ 1.]  The Complaint centers on a single assignment of the note and mortgage for her house, located at 48-5536 Waipio Lookout Road, Honokaa, Hawai`i, 96727 (the "Property"), that Plaintiff alleges was deceptively recorded by BOA ("the Assignment"). [Id. at ¶¶ 1, 6.]  Plaintiff invokes the Court's diversity jurisdiction, as well as "equitable powers . . . pursuant to the Declaratory Judgement Act, 28 U.S.C. 2201," and states that the amount in controversy is "$825,000.00, which is represents [sic] the purchase price of the Subject Property." [Id. at ¶¶ 2, 3.]

Plaintiff alleges that, on July 26, 2006, she financed the purchase of the Property by executing a promissary note ("the Note"), secured by a mortgage agreement with BOA ("the Mortgage") and, on June 9, 2009, she conveyed the Property to the Maryann Broyles Revocable Trust ("the Trust") with herself as co-trustee.[3] [Id. at ¶¶ 10-11.]  Plaintiff claims that, on March 19, 2012, BOA "caused to be recorded a false and deceptive 'Assignment' claiming that [BOA] had assigned the Note and the Mortgage to Defendant Wells Fargo as trustee for 'Banc of America Alternative Loan Trust 2006-7 Mortgage Pass-Through Certificates, Series 2006-7' ('Trust 2006-7')." [Id. at ¶ 12.]

---

[3] Plaintiff does not name the other trustees, but they appear, from the deed to the Property, to be Markus Broyles and Gary J. Horwitz. [Id., Exh. C at p. 1.]

Plaintiff further alleges that the Assignment was false and deceptive because: (1) the Assignment was backdated six years to September 28, 2006, for no apparent commercial reason; (2) the date on the Assignment is not before the cut-off date of September 1, 2006 for Trust 2006-7, as represented in a prospectus filed with the Securities and Exchange Commission; and (3) the prospectus states that the depositor of Trust 2006-7 is Banc of America Mortgage Securities, Inc., whereas the Assignment purports to be from BOA. [Id. at ¶¶ 13-16.] Plaintiff alleges that the Assignment has the same shortcomings as the mortgage assignments related to Trust 2006-7 in the complaint in United States ex rel. Szymoniak, C.A. No. 10-cv-014465-JFA (D.S.C.), which was "ratified and became the basis for the National Mortgage Settlement of 2012." [Id. at ¶ 16.] Finally, Plaintiff alleges that, on December 5, 2012, she received a letter from SLS stating that it had the servicing rights to the Note and Mortgage, but the letter did not explain how SLS received those rights and the loan number in the letter did not match the number in the Note or the Mortgage. [Id. at ¶ 17.] Thus, Plaintiff claims that she "does not know who holds her Note, or to whom she is supposed to make her regular mortgage payments." [Id. at ¶ 18.]

In the single quiet title count, Plaintiff alleges that Wells Fargo, BOA and SLS each claim "some interest" in the

Property, but they do not define their interests. [Id. at ¶¶ 20-23.] She claims that there is "no adequate remedy at law for the confusion and cloud on title," [id. at ¶ 24,] that she has "the right to know who owns her Note and Mortgage so that she can negotiate a loan modification," [id. at ¶ 25,] and that she is "in danger of being billed for one debt two or even three times by the three different Defendants" [id. at ¶ 27]. As remedies, Plaintiff requests that the Court: declare who owns what interest in the Property; remove "all clouds on the title"; stay any legal proceedings relating to the Property; and award attorneys' fees, costs, and other appropriate relief. [Id. at pgs. 11-12.]

## DISCUSSION

In their reply, Defendants raised for the first time the argument that the Court lacks subject matter jurisdiction since the amount in controversy is below the jurisdictional threshold of $75,000. [Reply at 1-6.] They relied on an order in Pascua v. Option One Mortgage Corp., Civil No. 13-00406 SOM/KSC, 2014 WL 806226 (D. Hawai`i Feb. 28, 2014), issued by this district court after the filing of the Motion. [Reply at 1-6.] In that case, a mortgagor, who was facing foreclosure unless he paid $41,139.92, brought a similar complaint styled as a quiet title action, alleging that he needed to know whom to pay. Pascua, 2014 WL 806226, at *1-2. The district court dismissed the complaint, in part, because it found that "the value of the

5

relief Pascua requests cannot plausibly exceed $75,000." Id. at *4.[4]

In general, raising a new legal argument in a reply brief is improper. See Local Rule LR7.4. But, where the argument goes to the Court's very basis for subject matter jurisdiction, and the support for the argument was not available to the party at the time it filed its Motion, the Court may consider it. Thus, the Court issued an order requesting that both parties be prepared to discuss the amount in controversy and the Pascua order at the hearing on the Motion.

At the hearing, Defendants' counsel relied on the reasoning in Pascua, as well as an order that was filed one day before the hearing, Dicion v. Mann Mortgage, LLC, Civ. No. 13-00533 JMS-KSC, 2014 WL 1366151 (D. Hawai`i Apr. 4, 2014), also dismissing a mortgagor's quiet title action. Counsel argued that Dicion's complaint is substantively identical to Plaintiff's, and even more analogous to the present case than Pascua, because the mortgagor was bringing suit to determine whom to pay and, as here, he was **not** facing foreclosure. Plaintiff's counsel did not address either Pascua or Dicion directly at the hearing, or even

___

[4] The other ground for lack of subject matter jurisdiction was that there was not complete diversity, Pascua, 2014 WL 806226, at *3, which is not at issue in the present case.

6

mention them in the supplemental memorandum.[5]

The Court finds the orders in Pascua and Dicion well-reasoned, and will follow them here.

I.  **Article III Standing**

The Ninth Circuit has clearly articulated the test for Article III standing:

> To satisfy Article III's standing requirements, a plaintiff must show (1) she has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  A plaintiff has the burden of showing that she has standing.

Ibrahim v. Dep't of Homeland Sec., 669 F.3d 983, 992 (9th Cir. 2012) (citations and quotation marks omitted).  "'[T]hreatened injury must be **certainly impending** to constitute injury in fact,' and [ ] '[a]llegations of **possible** future injury' are not sufficient."  Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013) (emphases and some alterations in Clapper) (citation omitted).

"For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."  Bernhardt v.

---

[5] Both of those lawsuits were filed by Plaintiff's counsel.

Cnty. of Los Angeles, 279 F.3d 862, 867 (9th Cir. 2002). "However, a plaintiff may not rely on a 'bare legal conclusion to assert injury-in-fact, or engage in an ingenious academic exercise in the conceivable to explain how defendants' actions caused his injury.'" Dicion, 2014 WL 1366151, at *3 (quoting Maya v. Centex Corp., 658 F.3d 1060, 1068 (9th Cir. 2011)) (internal quotation marks omitted).

This case is substantively indistinguishable from Dicion. Like Dicion, Plaintiff seeks a declaration of "the interest (if any) of the Defendants and [Plaintiff] in the Subject Property and in the Mortgage therein;" the removal of "all clouds on the title of the Subject Property resulting from Defendants' actions;" and a "Stay of any and all legal proceedings *in rem* against the Subject Property until this Court can determine the status of each Defendants' interest (if any)[.]" Compare Complaint at pgs. 11-12, with Dicion, 2014 WL 1366151, at *4 (nearly identical prayer for relief).

Also, similar to Dicion, Plaintiff here does not allege that: she is in default; more than one entity has demanded payment from her; any Defendant has initiated foreclosure against her; or she desires to pay off the loan. See Dicion, 2014 WL 1366151, at *4. Thus, like Dicion, since Plaintiff does not face foreclosure or multiple liability, any possible future injury is too conjectural or hypothetical, and her uncertainty of whom to

8

pay is not sufficiently concrete or particularized, to constitute an injury-in-fact. See id.; see also Ibrahim, 669 F.3d at 992. For these reasons, which Plaintiff failed to address at the hearing and in her supplemental memorandum, the Court GRANTS the Motion because Plaintiff lacks standing to bring this action.

Further, the Court FINDS that amendment would be futile, and thus dismissal of the Complaint is WITH PREJUDICE. See Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004) ("denial of leave to amend is appropriate if the amendment would be futile" (internal quotations and citations omitted))[6].

## II. Diversity Jurisdiction

For the sake of completeness, the Court now addresses Defendants' argument that the Complaint also fails for lack of diversity jurisdiction. A district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332, and there is complete diversity, Wong v. Crosman Corp., Civ. No. 13-00333 JMS-BMK, 2013 WL 4957335, at *2 (D. Hawai`i Sept. 12, 2013) (citing Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003)). "To

---

[6] The Court notes that, although directed at the hearing to address Pascua and Dicion in her supplemental memorandum, Plaintiff failed to discuss either. This provides further support for the conclusion that amendment would be futile.

justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (internal quotation omitted). The party asserting jurisdiction bears the burden of proving diversity. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001).

> This district court recently found, in Pascua,
>
> > "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). Pascua's full debt, like his property, is an object in this litigation, but it is not the object of the litigation. The object of the litigation is "the particular and limited thing sought to be accomplished by the action." Ridder Bros., Inc. v. Blethen, 142 F.2d 395, 399 (9th Cir. 1944). See also Jackson v. Am. Bar Ass'n, 538 F.2d 829, 831 (9th Cir. 1976) ("Where the complaint seeks injunctive or declaratory relief . . . the amount in controversy is . . . the value of the right to be protected or the extent of the injury to be prevented."); Freeland v. Liberty Mut. Fire Ins. Co., 632 F.3d 250, 253 (6th Cir. 2011) ("Where a party seeks a declaratory judgment, the amount in controversy is . . . the value of the consequences which may result from the litigation.") (internal quotation omitted).

2014 WL 806226, at *4 (alterations in Pascua. In that case, the court reasoned,

> Here, the matter Pascua says he wants to accomplish does not implicate the entire debt or the value of the property. Although he styles his claim as one to "quiet title," Pascua does not allege that he holds title to the property free

>and clear of any debt obligation. See, e.g., Woodside v. Ciceroni, 93 F. 1, 4 (9th Cir. 1899). Nor does Pascua seek to enjoin a foreclosure. See, e.g., Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973). In either such situation, the full debt or the property itself would be the object of the litigation, because the claimant would be trying to prevent paying the debt or losing the property. Pascua, by contrast, asks for a declaration to prevent him from feeling uncertainty as to whom to pay. He is not actually being asked to pay his acknowledged debt more than once. The amount in controversy is therefore the **subjective value to Pascua** of freeing him from that risk. Courts are often disinclined to speculate as to the monetary value of something so vague and amorphous as a feeling of uncertainty. Jackson, 538 F.2d at 831 (noting the difficulty of adjudicating rights that "appear to be intangible, speculative, and lack the capability of being translated into monetary value").

Id. at *5 (emphasis in original). The court concluded that,

> it is implausible to suggest that the subjective value to Pascua of such a declaration is greater than $75,000. Pascua's primary fear appears to be that he will accidentally pay the wrong party $41,139.92, which is the amount Wells Fargo is currently requesting he pay to avert foreclosure. The harm to Pascua of his fear that he might lose a second payment of $41,139.92 cannot plausibly be worth in excess of $75,000.

Id.; see also Dicion, 2014 WL 1366151, at *6 (dismissing complaint, in the alternative, because "the amount in controversy is not sufficient to invoke diversity jurisdiction").

This case is even more clear than Pascua (and is the same as Dicion), since none of the Defendants (or any other entity) are threatening foreclosure or demanding more than the monthly mortgage payment. Thus, the alleged injury is solely the

uncertainty of not knowing whom to pay, and not the loss of a specific payment.  Consistent with Pascua and Dicion, and their reasoning, this Court FINDS that Plaintiff has failed to allege a sufficient basis for diversity jurisdiction.  Thus, alternatively, the Court GRANTS the Motion on that basis, and DISMISSES the Complaint WITH PREJUDICE.  See Neville Chem. Co., 358 F.3d at 673.

**CONCLUSION**

On the basis of the foregoing, Defendants' Motion to Dismiss Complaint, filed on January 31, 2014, is HEREBY GRANTED and the Complaint is HEREBY DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 30, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARYANN ROSE BROYLES, ETC. VS. BANK OF AMERICA, ET AL; CIVIL 13-00540 LEK-KSC; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT**